UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Israel Green, | ) C/A No. 4:09-1909-JFA-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Mr. James, RCCM; | ) |
| Ansley Gather, Facility Director, | ) |
| | ) |
| Respondents. | ) |

_____

Petitioner, ("petitioner/Green"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on July 24, 2009. Respondent filed a motion to dismiss on December 1, 2009, along with supporting memorandum and exhibits asserting this matter is moot. The undersigned issued an Order filed December 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. No response has been filed by petitioner to respondent's motion.

**II. RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

_____

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant

to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his

actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have

been filed. Petitioner has not responded to respondent's motion to dismiss or the court's Orders

requiring him to respond. No other reasonable sanctions are available. Accordingly, it is

recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for

failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed.

R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 22, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**